# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT RIVARD JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-762-M |
| | ) |
| ARLAN PAUL BULLARD, | ) |
| MCCLAIN COUNTY, and | ) |
| THE STATE OF OKLAHOMA, | ) |
| | ) |
| Defendants.[1] | ) |

## REPORT AND RECOMMENDATION

Robert Rivard Jr., a state prisoner appearing pro se and proceeding *in forma pauperis*, filed this action by submitting a document titled "Federal Lawsuit Against Arlan P Bullard" ("initial pleading," Doc. No. 1). Chief United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the initial pleading, the undersigned recommends that it be dismissed without prejudice and that various pending motions filed by Mr. Rivard be denied.

---

[1] As detailed in this Report and Recommendation, Mr. Rivard filed a pleading that, while reasonably construed as commencing a civil lawsuit, could also be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. If construed as a § 2241 petition, the only proper respondent would be the state official having custody of Mr. Rivard, which at the relevant time was the Sheriff of McClain County. *See* Doc. No. 1, at 3; 28 U.S.C. § 2243; Rules 1(b), 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). Ultimately, the undersigned recommends that the initial pleading be dismissed under either construction. If the undersigned's recommendation is not adopted, however, substitution of the correct responding party may be appropriate.

BACKGROUND

*A. Mr. Rivard's Initial Pleading and the Outcome of His Relevant State Court Criminal Proceedings*

Mr. Rivard filed his initial pleading (Doc. No. 1) on July 18, 2014, while a pretrial detainee at the McClain County Jail in Purcell, Oklahoma. Mr. Rivard states that his detention in the McClain County Jail began on January 15, 2014, after he was stopped by a police officer from Newcastle, Oklahoma, while driving a rented car. Doc. No. 1, at 1-2.[2] The police officer determined that the car had been reported as stolen and then arrested Mr. Rivard. *See id.* at 2; *see also State v. Rivard*, No. CF-2014-22 (McClain Cnty. Dist. Ct. filed Jan. 16, 2014).[3]

Mr. Rivard brings this action against Arlan P. Bullard, who was appointed by the McClain County District Court to represent Mr. Rivard, as well as McClain County and the State of Oklahoma. *See* Doc. No. 1, at 1, 3. Mr. Rivard asserts that, as of July 14, 2014, he had "not seen [an attorney] since the first of March 2014[,] when a[n] L.S.I[.] Test was ordered." *Id.* at 1. Mr. Rivard explains that Mr. Bullard was appointed as Mr. Rivard's attorney around April 2014, replacing another court-appointed attorney. *See id.* at 3, 7. Mr. Rivard asserts that, despite multiple attempts to contact Mr. Bullard through various means, Mr. Rivard was unable to communicate directly with Mr. Bullard,

---

[2] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system. When quoting from documents filed by Mr. Rivard, the undersigned has occasionally altered the capitalization to improve readability.

[3] The docket sheet is publicly available at http://www1.odcr.com/detail?court=044-&casekey=044-CF++1400022.

although Mr. Rivard did receive notice of a court date from Mr. Bullard's office. *See id.* at 1, 3-7; Letter, Doc. No. 1-2.

In his pleading, Mr. Rivard largely focuses on Mr. Bullard's alleged inaction, discussed above. Mr. Rivard also notes, however, that he has "a medical history of s[e]izures" and experienced three or four seizures during his detention at the McClain County Jail. Doc. No. 1, at 3. Mr. Rivard further asserts that he is "legally blind" due to an eye disease. *Id.* Mr. Rivard explains that "on at least two separate dates" he sought to be released from pretrial detention on his own recognizance due to his medical conditions, rather than being held under the $5,000 bond imposed by the state court. *See id.* at 3.

Mr. Rivard contends that his factual allegations demonstrate, among other things, violations of his federal constitutional rights to effective assistance of counsel under the Sixth Amendment and to due process under the Fourteenth Amendment. *See id.* at 1, 3-5, 7. As to relief, Mr. Rivard seeks (1) "dependable, professional, respons[i]ble and reliable legal repres[e]ntation"; (2) that his "charges be handled as time served"; and (3) that he be "release[d] at once." *Id.* at 5.

The publicly available docket sheet in Mr. Rivard's state court criminal case reflects that on August 5, 2014, Mr. Rivard pled no contest to one count of unauthorized use of a motor vehicle and was sentenced to six years of incarceration, with credit awarded for time already served, to be followed by nine to twelve months of supervision

upon release.[4] *See State v. Rivard*, No. CF-2014-22; *see also* Doc. No. 12-2 (summary order from August 5, 2014 proceeding). The docket sheet also reflects that on August 19, 2014, after receiving a letter in which Mr. Rivard sought to withdraw his plea, the state district court held a hearing, but Mr. Rivard at that hearing ultimately maintained his plea rather than withdrawing it. *See State v. Rivard*, No. CF-2014-22; *see also* Pl.'s Notice, Doc. No. 12 (stating that although he had agreed to six-year term of imprisonment, he disagreed with imposition of postincarceration supervision). The docket sheet indicates, to date, no subsequent effort by Mr. Rivard to withdraw his plea or to appeal his conviction or sentence. *See State v. Rivard*, No. CF-2014-22.

### B. Mr. Rivard's Pending Motions

During the pendency of this action, Mr. Rivard has filed various motions, letters, and notices with this Court in what generally appear to be attempts to supplement his pleading, to seek preliminary injunctive relief, or to seek discovery from a nonparty. *See* Doc. Nos. 4, 5, 8, 9, 11, 12, 13, 15, 22; *see also* Order, Doc. No. 6, at 1 n.1 (advising Mr. Rivard that requests for court orders must be submitted as motions in accordance with procedural rules); Fed. R. Civ. P. 15(d), 34(c), 45, 65(a)-(b).

On August 15, 2014, Mr. Rivard filed a "Motion of Civil Rights Relief and Fast and Speed, Court Order" (Doc. No. 8) in which he generally reiterates the claims in his initial pleading; seeks an investigation into the alleged "opening of legal mail on 7-22-14

---

[4] On the same day, other charges pending against Mr. Rivard were voluntarily dismissed by the State.

4

at 9 AM"; seeks to have his state court criminal sentence amended "to time served and/or $10,000, and immediate release from custody"; seeks money damages if not released by September 1, 2014; and seeks an order that the McClain County Jail provide its "mail log for dates of 5-23-14 . . . through 5-26-14" to establish whether Mr. Bullard sent Mr. Rivard a letter during that time. *See* Pl.'s Mot., Doc. No. 8, at 1-2.

In motions filed on August 20 and 21, 2014, Mr. Rivard seeks an order that McClain County Jail transport him to an eye care specialist for treatment of his eye disease or, in the alternative, for the Court to grant his requests for release from state custody and money damages. *See* Pl.'s Mot., Doc. No. 11; Pl.'s Mot., Doc. No. 13, at 2. Mr. Rivard asserts, among other things, that his eye condition has worsened during his incarceration due to exposure to fluorescent lighting without protective eyewear. *See* Pl.'s Mot., Doc. No. 11. Mr. Rivard further asserts, without elaboration, that he "has ask[ed] and sent letters to medical & staff about needing medical attention to no avail." *Id.*

In his August 21, 2014 Motion, Mr. Rivard further alleges that a McClain County Jail employee "threatened" to move Mr. Rivard from his placement in "Honor Dorm" back to the facility's "County Side and in with a trouble maker" because Mr. Rivard was "pissing people off." *See* Pl.'s Mot., Doc. No. 13, at 1. Mr. Rivard insinuates that this threat occurred in response to Mr. Rivard's attempt to file a motion in state court, seeking an order for medical care. *See id.* at 1-2. Mr. Rivard seeks an order that he "not . . . be moved back to County [Side]" because it "puts [him] in [a] dangerous[] pos[i]tion" based

on Mr. Rivard previously having been in a fight with three other inmates in that part of the facility. *See id.* at 1.

Mr. Rivard was subsequently transferred from the McClain County Jail into the custody of the Oklahoma Department of Corrections.[5] *See* Letter, Doc. No. 15, at 1. Mr. Rivard is currently incarcerated at the Oklahoma State Reformatory in Granite, Oklahoma. Notice of Change of Address, Doc. No. 20. In his most recent motion, filed on October 8, 2014, Mr. Rivard reiterates the gist of his lawsuit but newly asserts that "he should have [already] been released as time served on charge of [unauthorized use of a motor vehicle] and/or compensated for civil rights violation and Mr. Bullard be fined and/or punished."[6] Pl.'s Mot., Doc. No. 22.

## ANALYSIS

Mr. Rivard's initial pleading does not specify a basis for a federal court to have jurisdiction over this matter. *See* Doc. No. 1; Fed. R. Civ. P. 8(a)(1) (requiring pleading to contain "a short and plain statement of the grounds for the court's jurisdiction"), 12(h)(3) (requiring court to dismiss action "at any time" upon determining that subject-matter jurisdiction is lacking). Liberally construing the pleading, the undersigned

---

[5] Publicly available records of the Oklahoma Department of Corrections reflect that Mr. Rivard was received into its custody on August 22, 2014.

[6] In that motion, the primary relief that Mr. Rivard sought was free copies of documents that he has filed with this Court. *See* Pl.'s Mot., Doc. No. 22. The undersigned has denied that limited request in an order issued concurrently with this Report and Recommendation. Nevertheless, Mr. Rivard's amorphous suggestions that he is entitled to release from state custody and money damages could be construed as an attempt to supplement his claims or to seek preliminary injunctive relief. To the extent that such relief is sought, the undersigned, as discussed below, recommends that it be denied.

addresses two possible actions that would fall within the Court's subject-matter jurisdiction: a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a civil rights complaint under 42 U.S.C. § 1983.[7] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant"). Upon analysis, however, the undersigned finds that under either theory, Mr. Rivard's initial pleading should be dismissed for failure to state a claim upon which relief can be granted.

A. *Construing Mr. Rivard's Initial Pleading as a § 2241 Petition*

Based on the relief sought and the overarching theme of the factual allegations discussed above, Mr. Rivard's initial pleading may be construed as one challenging his pretrial detention—i.e., a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Miller v. Glanz*, 331 F. App'x 608, 609-10 (10th Cir. 2009) (noting that pretrial detention is properly challenged under § 2241 rather than § 2254, which would require petitioner to be in custody pursuant to a state court judgment). A petition under § 2241 to "challenge a [petitioner's] pretrial custody become[s] moot upon the conviction of the petitioner." *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009). Mootness may be addressed sua sponte "because the existence of a live case or controversy is a

---

[7] The two cited grounds involve questions of federal law and, thus, would implicate the Court's jurisdiction under 28 U.S.C. § 1331. Subject matter jurisdiction under 28 U.S.C. § 1332(a) is precluded because, among other reasons, all parties appear to be citizens of the same state—i.e., Oklahoma. *See* Doc. No. 1, at 1; 28 U.S.C. § 1332(a)(1).

7

constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

Here, if construed as a § 2241 petition, the initial pleading became moot on August 5, 2014, when Mr. Rivard was convicted and sentenced upon entering his plea of no contest to the criminal charge pending against him. *See State v. Rivard*, No. CF-2014-22; Doc. No. 12-2. Accordingly, this action should be dismissed without prejudice. *See Clark*, 341 F. App'x at 356; *see also Miller*, 331 F. App'x at 610 & n.2 (describing reasons a court should refrain from sua sponte recharacterization of a pro se § 2241 petition as a § 2254 petition to avoid mootness, noting in particular the 28 U.S.C. § 2244(b) limitation on second or successive § 2254 petitions).

B. *Construing Mr. Rivard's Initial Pleading as a § 1983 Complaint*

If the Court were to construe Mr. Rivard's initial pleading as a complaint alleging violations of his federal rights by state actors, such as may be brought under 42 U.S.C. § 1983, the pleading would nevertheless be subject to dismissal. The Court must review each complaint brought by a prisoner (1) with respect to prison conditions; (2) seeking redress against a governmental entity, officer, or employee; or (3) who is proceeding *in forma pauperis*. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). As discussed below, (1) the State of Oklahoma is entitled to sovereign immunity against claims under § 1983; (2)

Mr. Bullard's conduct is not subject to liability under § 1983; and (3) McClain County is not a proper party to this action, but, even if it were, the pleading lacks necessary factual allegations against that Defendant.

1. <u>The State of Oklahoma's Immunity from Suit Under 42 U.S.C. § 1983</u>

Under the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. state unless the state consents to suit or Congress unequivocally abrogates the state's immunity. U.S. Const. amend. XI; *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996); *see also U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (permitting court to raise this issue sua sponte). The State of Oklahoma has not waived its Eleventh Amendment immunity against § 1983 claims in federal court. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated state immunity in a manner pertinent to Mr. Rivard's § 1983 claims, if any. *See*, *e.g.*, *Quern v. Jordan*, 440 U.S. 332, 342, 345 (1979). Because the State of Oklahoma's Eleventh Amendment immunity from § 1983 claims in federal court remains intact, any claims raised against that entity in Mr. Rivard's initial pleading should be dismissed without prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b); s*ee also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002) (explaining that sovereign immunity from suit applies regardless of relief sought).

2. Stating a Plausible Claim upon Which Relief May Be Granted Under 42 U.S.C. § 1983

To state a claim upon which relief may be granted, procedural rules require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted.[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii); *Kay*, 500 F.3d at 1218 (indicating that court uses same analysis for complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

To state a claim specifically under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to plausibly show *both*: (1) a violation of a right secured by the

---

[8] "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110; *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint").

Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is not sufficient to establish only that a federal right was violated.

    a. Claims Against Mr. Bullard

Mr. Rivard alleges that Mr. Bullard was assigned, through the Oklahoma Indigent Defense System ("OIDS"), to represent Mr. Rivard in connection with the criminal charges against him in McClain County. *See* Doc. No. 1, at 7. Mr. Rivard alleges and claims that, during an approximately four-month period after Mr. Bullard was appointed, he failed to adequately communicate with Mr. Rivard and to appear in court on Mr. Rivard's behalf regarding Mr. Rivard's detention and pending criminal charges. *See id.*, at 1, 3-7. Although Mr. Rivard alleges that Mr. Bullard violated his federal rights, Mr. Rivard does not plead facts that would establish that Mr. Bullard was acting under color of state law, as required to state a § 1983 claim.

Even if a court-appointed criminal defense attorney is paid by the state, he or she "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 & n.7, 321-25 (1981); *see also Vermont v. Brillon*, 556 U.S. 81, 85-88, 91 (2009). Even when the attorney's inadequate performance of such traditional functions results in a deprivation of the criminal defendant's federal rights, that attorney still has not acted under color of state law for § 1983 liability purposes. *See Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995), *superseded by statute on other grounds as recognized in*

*Knox v. Bland,* 632 F.3d 1290, 1292 (10th Cir. 2011); *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983); *Brillon*, 556 U.S. at 85.

Here, Mr. Rivard's allegations against Mr. Bullard relate to traditional functions as counsel to Mr. Rivard in the criminal proceeding against him. Pursuant to the above authorities, Mr. Bullard cannot be said to have acted under color of state law in connection with such activities. Therefore, Mr. Rivard's claims against Mr. Bullard should be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    b. Claims Against McClain County

A county is sued by naming as a defendant either the relevant board of county commissioners, as prescribed by Oklahoma law, or an official policymaker of that county in his or her official capacity. *See*, *e.g.*, Okla. Stat. tit. 19, §§ 1, 4; *Lopez v. LeMaster*, 172 F.3d 756, 762-63 (10th Cir. 1999). Thus, in naming "McClain County" as a Defendant in this action, Mr. Rivard has named an improper defendant to this suit. *See* Fed. R. Civ. P. 17(b)(3), (d). Mr. Rivard's claims against McClain County should be dismissed on this basis.

Even if Mr. Rivard had properly sued McClain County through its board of county commissioners or through an official policymaker, he would still be required to establish the substantive elements of a claim under § 1983. Such a claim against a county rests on municipal liability and cannot be based on vicarious liability. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998). To establish municipal

liability under § 1983, a plaintiff must first identify an official policy or custom of the municipality, whether enacted or maintained by its legislative body or an authorized decisionmaker. *Schneider*, 717 F.3d at 769-70. The plaintiff must then allege facts to establish that the policy or custom either (1) directly violated a federal right of the plaintiff, or (2) was the "moving force" behind a county employee's violation of a federal right of the plaintiff. *Id.* Finally, a plaintiff must allege facts "to show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Id.* at 769, 770-71. Thus, for each claim of municipal liability, the plaintiff must establish three elements: (1) official policy or custom, (2) causation, and (3) state of mind. *Id.* at 769.

Among other factual deficiencies in his initial pleading, Mr. Rivard does not identify a specific policy or custom of McClain County, as required for a municipal liability claim under § 1983. *See* Doc. No. 1; *Schneider*, 717 F.3d at 769-70. Instead, Mr. Rivard describes alleged inaction by his attorney, who, as noted above, is not subject to liability under § 1983 in connection with his representation of Mr. Rivard. Mr. Rivard does allege, "[T]here are other people at [the McClain County Jail] going through the same issue as I am." Doc. No. 1, at 7. But that allegation is insufficient to establish an official policy or custom fairly attributable to McClain County, particularly given that there is no clear connection between Mr. Bullard and McClain County. *See id.*

(describing Mr. Bullard as assigned through OIDS).[9]  Further, as to Mr. Rivard's other factual allegations, including his general statements regarding his health while incarcerated at the McClain County Jail, Mr. Rivard similarly fails to connect his allegations to any official policy or custom of McClain County.  *See id.* at 3.

Having failed to sufficiently specify a policy or custom, Mr. Rivard cannot establish the remaining elements of municipal liability—i.e., that the policy or custom caused or was the "moving force" behind a violation of Mr. Rivard's federal rights and that the policy or custom "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury."  *See Schneider*, 717 F.3d at 769, 770-71.  Accordingly, because Mr. Rivard has failed to provide sufficient factual allegations to establish the requisite components of municipal liability, his claims against McClain County should be dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See Schneider*, 717 F.3d at 770; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

---

[9] OIDS is a state agency funded "almost entirely" through annual appropriations by the Oklahoma Legislature.  *See* Okla. Stat. tit. 22, §§ 1355-1369 (Indigent Defense Act); Okla. Indigent Def. Sys., http://www.ok.gov/OIDS/index.html (last visited Oct. 22, 2014); *Budget*, Okla. Indigent Def. Sys., http://www.ok.gov/OIDS/Budget/index.html (last visited Oct. 22, 2014); *see also Harris*, 51 F.3d at 908 (noting district court's unchallenged conclusion that OIDS was entitled, as a state agency, to the State's Eleventh Amendment immunity from § 1983 claims in federal court).

*C. Mr. Rivard's Pending Motions*

Based on the undersigned's recommendation that Mr. Rivard's initial pleading be dismissed and the fact that Mr. Rivard is no longer incarcerated at the McClain County Jail, Mr. Rivard's pending motions (Doc. Nos. 8, 11, 13, 22) are moot.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Mr. Rivard's initial pleading (Doc. No. 1) be dismissed without prejudice and that his pending motions (Doc. Nos. 8, 11, 13, 22) be denied.

## NOTICE OF RIGHT TO OBJECT

Mr. Rivard is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by November 13, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Mr. Rivard is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 23rd day of October, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE